Argued January 21, affirmed February 10, 1972

ESPEDAL, *Respondent, v.* ESPEDAL, *Appellant.*

493 P2d 743

*Leo Levenson,* Portland, argued the cause and filed the brief for appellant.

*Timothy W. Heltzel,* Portland, argued the cause for respondent. With him on the brief were Bernard, Hurley, Hodges & Kneeland, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, J.

Wife appeals from a denial to her of a lump sum judgment of $8,722.70 against husband.

Wife and husband were divorced in 1963 and the decree approved a property settlement agreement made by the parties. Among other provisions of the agreement was:

> "That the defendant shall have as her sole and separate property free and clear of any interest on the part of the plaintiff that certain residence located at 3302 N. E. 14th Avenue, Portland, Oregon, and the plaintiff agrees to assume and pay the outstanding contract balance. Plaintiff further agrees to bring the payments, which are approximately five (5) months in arrears to a current basis. Plaintiff further agrees to hold the defendant harmless on the outstanding contract balance of this residence and to make the monthly payments thereon in a timely manner * * *."

By the end of 1969 the $100 monthly contract payments were delinquent a total of 10 months. Several months earlier wife, who had remarried, with her new husband moved from the home and purchased another, leaving it vacant and unrented. In October 1969 wife's attorney notified husband's attorney that foreclosure of the contract was a possibility. This notification

prompted five monthly payments totaling $500 in November and December 1969. The contract payments had been delinquent in varying amounts from 1963 until 1969. About one month after the last of the five payments made in November and December had been made, wife sold the house, receiving therefor the sum of $14,000. She paid off the vendors the sum due them, $8,722.70, and retained the balance as her equity. In this proceeding she seeks to obtain, under the contract provision quoted above, a lump sum judgment of $8,722.70 against husband.

The trial court awarded her a judgment of $1,600 (which represented the amount of delinquent contract payments and interest due at the time she sold the house), and ordered that husband, after deduction of $1,600 from $8,722.70, should pay the balance at the rate of $100 per month with interest at 6½ per cent per annum (the amount of the interest required in the land sale contract) until paid. In arriving at this judgment the trial court found that the provision in the property settlement agreement quoted above has no requirement for acceleration of the payments due from husband in case of default. Wife contends that inasmuch as husband had agreed to hold her "harmless on the outstanding contract balance * * * and to make the monthly payments thereon in a timely manner," and she was required to sell the property in order to prevent foreclosure, that the law of restitution entitles her to immediate judgment for the lump sum.

We agree with husband that inasmuch as the vendor accepted late payments over the life of the contract and that the husband had made substantial payments in November and December of 1969 without thereafter receiving notice of intention to foreclose,

that there is nothing to show wife was compelled to sell the house in order to save it from foreclosure. *Stinemeyer v. Wesco Farms, Inc.*, 260 Or 109, 487 P2d 65 (1971). It was her voluntary act when she sold the house.

Further, while the disputed language of the contract is somewhat ambiguous the construction placed upon it by the trial judge is reasonable; namely, that there is no provision in it that can be fairly interpreted as accelerating the amount of the monthly payments against husband. The husband does agree to hold the wife harmless on the outstanding balance. But if he complies with the trial court's judgment he will do exactly that. Restatement, Restitution 341, § 77 (1937), provides:

"77. TIME WHEN RIGHT OF INDEMNITY ARISES.

"(1) A person who, in whole or in part, has discharged a duty owed by him but which, as between himself and another, should have been discharged by that other, is thereupon entitled to indemnity *if the time for performance* has arrived.

"(2) *If he discharged the duty before the time for performance, his right to indemnity arises at the time for performance.*" (Emphasis supplied.)

We agree with the trial court that the time for payment is the time for each monthly instalment. Therefore, the trial court was correct because it gave judgment for the arrearages in the monthly payments in a lump sum and the balance of the obligation to be paid in accordance with the schedule of monthly payments which was set up by the contract, read together.

Affirmed.